### HERRMANN v. EMPIRE REALTY CORPORATION.

(Supreme Court, Appellate Division, First Department. October 25, 1912.)

PLEADING (§ 326*)—BILL OF PARTICULARS—FURTHER OR ADDITIONAL BILL.
    In an action to recover a broker's commission for having effected an exchange of property, the plaintiff, in reply to a demand for a bill of particulars, gave approximately the date on which he was employed, together with the address and the last name of the person who employed him, and stated that such person promised to pay him a specified commission. He also stated that the exchange value of the property was determined at about a certain month at a definite address in New York City by the same person, and that he introduced such person some time in two different months to the one with whom the exchange was effected, at the same address. In reply to a further demand for particulars, the plaintiff stated that he was 74 years old, and that, while his memory

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for facts was still good, his recollection for dates had been impaired and that in consequence he was unable to state the dates more definitely, and that he did not know the first name of the agent of defendant with whom he had the transactions in question, but he did know and gave his address. *Held*, that the defendant was sufficiently advised of the facts upon which the plaintiff based his claim, and that, as the agent of the defendant is sufficiently identified, the plaintiff could not be required to give more specific details.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 990–992; Dec. Dig. § 326.*]

Appeal from Special Term, New York County.

Action by Aaron Herrmann against the Empire Realty Corporation. From an order requiring plaintiff to serve a further bill of particulars, he appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Guggenheimer, Untermyer & Marshall, of New York City (Irwin Untermyer, of New York City, of counsel), for appellant.

Leventritt, Cook & Nathan, of New York City (Harold Nathan, of New York City, of counsel, and Joseph Steiner, of New York City, on the brief), for respondent.

PER CURIAM. The action is to recover a broker's commission for having effected an exchange of property owned by the defendant corporation for certain property owned by Jacob W. Riglander and Sevilla Reineman. The answer is a general denial, except that it admits the exchange of the property. Defendant served a demand for a bill of particulars, specifying:

"1. When plaintiff was employed by defendant to effect the exchange of the properties mentioned in paragraph first of the complaint, specifying the day and place of said alleged employment and the name of the officer, agent, or representative of defendant by whom plaintiff claims to have been so employed."

In response to which the plaintiff answered:

"About March 10, 1910, at No. 907 Broadway, New York City, by Mr. Hess."
"2. When and where defendant undertook and faithfully promised to pay the plaintiff the commission of 1 per cent."

To which the response was:

"About March, 1910, at No. 907 Broadway, New York City."
"When and where the exchange value of defendant's premises for the purposes of said exchange was determined to be $1,500,000, and by whom it was so determined, as alleged in paragraph second of said complaint."
"About May, 1910, at No. 49 Maiden Lane, New York City, by Mr. Hess."
"3. What officer, agent, or representative of defendant plaintiff claims to have introduced to Jacob W. Riglander and when and where such introduction took place."

To which plaintiff responded:

"Mr. Hess, some time between April, 1910, and November, 1910, at 49 Maiden Lane, New York City."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Defendant was not satisfied, and made a motion for a bill of particulars. In answer thereto plaintiff served an affidavit, in which he averred that he was 74 years of age, and, although his memory for facts and circumstances was still good, his recollection for dates had been impaired by age and sickness; referring to request No. 1, that he was unable to state more definitely than he had already done in the bill of particulars the precise date when the defendant engaged him, or when the defendant promised to pay him the commission of 1 per centum, and when the exchange value on defendant's premises was determined; referring to request No. 3, that he was unable to state more definitely than he had already the precise date when he introduced the agent or representative of the defendant to Jacob W. Riglander.

"The name of the officer, agent, or representative of the defendant was Mr. Hess, but I do not know and have no available means of informing myself of what his first name was, although I know that his address, as stated in the bill of particulars, is 907 Broadway, New York City."

Notwithstanding the said affidavit, the court granted the motion requiring the plaintiff to give the full name of Hess and to specify with more particularity the date when it is alleged Mr. Hess was introduced to Mr. Riglander, and from said order plaintiff appeals.

It seems to us that upon these papers the defendant is sufficiently advised of the facts upon which the plaintiff bases his claim, and that it is unreasonable to require him to specify the first name of defendant's agent, which is unknown to him; such alleged agent having been sufficiently identified for the information of the defendant.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.